**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANTOINE LEE,

        Plaintiff,

                                Case No. 1:25-cv-766

    v.

                                **JUDGE DOUGLAS R. COLE**
RACHELE SMITH,                  **Magistrate Judge Bowman**

        Defendant.

## OPINION AND ORDER

On November 14, 2025, Magistrate Judge Bowman issued a Report and Recommendation (R&R, Doc. 6) recommending that the Court dismiss Plaintiff Antoine Lee's Complaint (Doc. 5) with prejudice because it fails to state a claim over which the Court has subject-matter jurisdiction. Plaintiff has filed no objections. For the reasons discussed briefly below, the Court agrees with the Magistrate Judge's recommendation regarding dismissal, but concludes that the Court will **DISMISS** Plaintiff's Complaint (Doc. 5) **WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff is a "47-year-old African American transgender woman and recovering addict." (Doc. 6, #63). Her Complaint alleges that Defendant Rachele Smith is the owner of We Care, a sober living house at which Lee resided for some time. (*Id.*). According to Lee, Smith evicted Lee because she is transgender. (*Id.*). Specifically, Lee alleges that she received a message from the manager of We Care telling her that she "needs to tell everyone in the house [her] other name." (*Id.*). Lee also alleges that another transgender woman accused Lee of taking the other

transgender woman's hormone medication. (*Id.*). At some point, We Care's housing manager told Lee that she needed to attend a housing orientation meeting, for which Lee arrived late. (*Id.*). After that, another We Care resident told Lee that Smith said Lee was not a good fit for We Care's program. (*Id.*). Lee's belongings were packed up and placed outside. (*Id.*). As compensation for this alleged wrong, Lee seeks $25,000 in money damages and requests that We Care be "shut down." (*Id.*).

The Magistrate Judge reviewed these allegations under her screening authority, *see* 28 U.S.C. § 1915(e), and recommended that the Court dismiss Lee's Complaint. (Doc. 6 at #61–63, 65). According to the Magistrate Judge, Lee's Complaint establishes neither of the two primary bases for subject-matter jurisdiction—28 U.S.C. § 1331 or § 1332. (*Id.* at #64–65). The Magistrate Judge says that diversity jurisdiction is absent because (1) the Complaint does not allege complete diversity of citizenship, and (2) Lee seeks only $25,000 in damages. (*Id.* at #64). Likewise, she says that federal-question jurisdiction is absent because she cannot discern from Lee's alleged facts any "federal statutory or constitutional provision that applies to give rise to an actionable claim for relief." (*Id.* at #65). As a result, Lee's claims do not arise under the Constitution or laws of the United States. (*Id.*).

The Magistrate Judge advised Lee that she had fourteen (14) days to object to the Magistrate Judge's recommended disposition, and that failing to object "may forfeit rights on appeal." (*Id.* at #66 (citations omitted)). But the time for objections has long passed, and Lee has filed none. So the matter is ripe for review.

2

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection.*" Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). For any unobjected portions of an R&R, by contrast, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

## ANALYSIS

Lee has not objected to the R&R, so the Court reviews it for clear error. *Id.* It finds none, save with regard to the precise contours of the relief the R&R recommends, which the Court addresses below.

"With regard to diversity jurisdiction, it is firmly established that parties attempting to demonstrate that such jurisdiction exists must show that: (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) there is complete diversity of citizenship between the disputing parties." *Hale v. Morgan Stanley Smith Barney LLC*, 982 F.3d 996, 997 (6th Cir. 2020) (citing 28 U.S.C. § 1332(a)). But here, the Complaint alleges that both Lee and Smith are Ohio residents. (Doc. 5, #37–38). And Lee's $25,000 damages request comes up $50,000.01 short of the amount-in-controversy threshold. (*Id.* at #40). So the

3

Magistrate Judge did not clearly err in finding that jurisdiction does not lie in this Court under § 1332(a).

Nor did she clearly err in reaching that same conclusion as to § 1331. To establish federal-question jurisdiction under that provision, "a federal question must appear on the face of the complaint." *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012). But the Magistrate Judge could discern no such question here. (*See* Doc. 6, #65). And she did not clearly err in that determination. Perhaps Lee could somehow replead the claim she advances under Ohio Revised Code § 4112.02 into some kind of Fair Housing Act claim, and thereby invoke federal law. But the Complaint does not assert a federal claim on its face, and the plaintiff is the master of her complaint. Accordingly, the Court is not inclined to sua sponte supplement the Plaintiff's claims.[1]

That said, the Court finds that the R&R clearly erred in one regard. It recommends dismissal with prejudice. But dismissals for lack of subject-matter jurisdiction are without prejudice, as the Court lacks authority to reach the merits of the claim. *See, e.g.*, *Roberts v. Progressive Preferred Ins. Co.*, 167 F.4th 955, 964 (6th Cir. 2026) (citation omitted) ("[W]hen a court dismisses for lack of subject-matter

---

[1] Lee's form Complaint ticks a box indicating that she is also invoking 28 U.S.C. § 1343(a)(3), the "jurisdictional counterpart" of 42 U.S.C. § 1983. *Hylak v. Bieszk*, No. 1:07-cv-421, 2007 WL 3253194, at *7 (W.D. Mich. Nov. 2, 2007) (citing *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001)). But much like § 1983 itself, § 1343(a)(3) requires that any "deprivation" of a "right, privilege or immunity" occur "under color of … State law." 28 U.S.C. § 1343(a)(3). And as the Magistrate Judge concluded when considering whether Lee's allegations are sufficient to state a substantive § 1983 claim, there is no basis for inferring any state action in this case. (*See* Doc. 6, #65). So Lee may not rely on this provision to establish subject-matter jurisdiction either.

jurisdiction, it must generally do so without prejudice."). Moreover, as noted, it is possible that Lee could cure the jurisdictional defect by amending her claims. Accordingly, the Court **ADOPTS** the R&R (Doc. 6) insofar as it recommends dismissal, but the Court **DISMISSES** Lee's Complaint (Doc. 5), **WITHOUT PREJUDICE**. The Court also adopts the Magistrate Judge's recommendation that it certify under 28 U.S.C. § 1915(a) that any appeal of this Opinion and Order would not be taken in good faith, and therefore denies Lee leave to appeal in forma pauperis.

## CONCLUSION

For the reasons above, the Court **ADOPTS** the R&R (Doc. 6) insofar as it recommends dismissal, but it **DISMISSES** Lee's Complaint (Doc. 5), **WITHOUT PREJUDICE**. Consistent with that, the Court **DIRECTS** the Clerk to enter judgment and to terminate this matter on the Court's docket. The Court further **CERTIFIES** under 28 U.S.C. § 1915(a) that any appeal of this Opinion and Order would not be taken in good faith, and therefore denies Lee leave to appeal in forma pauperis. Lee is of course free to seek leave to appeal in forma pauperis directly from that court, should she wish.

    **SO ORDERED.**

April 8, 2026
**DATE**
          **DOUGLAS R. COLE**
          **UNITED STATES DISTRICT JUDGE**

5